# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
June 26, 2001 Session

## STATE OF TENNESSEE v. HARRY M. NIMMONS

**Appeal from the Criminal Court for Knox County**
**No. 70893     Richard Baumgartner, Judge**

---

**No. E2000-02396-CCA-R3-CD**
**August 14, 2001**

---

The state appeals from the Knox County Criminal Court's dismissal of a three-count presentment against the defendant, Harry M. Nimmons. The trial court premised its dismissal of the presentment upon the lack of a preliminary hearing prior to return of the presentment, although the court found that the lack of a preliminary hearing was not attributable to bad faith by the state. Because there was no showing of bad faith by the state, we reverse the trial court's order and reinstate the presentment against the defendant.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

David L. Hull, Knoxville, Tennessee, for the Appellant, Harry M. Nimmons.

Paul G. Summers, Attorney General & Reporter; Mark A. Faulks, Assistant Attorney General; Randall E. Nichols, District Attorney General; Kevin James Allen, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The defendant was arrested on April 6, 2000 for the offenses which were later charged in the presentment that is the subject of this appeal.[1] A preliminary hearing was scheduled on May 3, and on that date the hearing was continued to June 21. The defendant had unrelated misdemeanor charges pending, and on June 12, his counsel was present in court when an emergency developed which required counsel to leave the courtroom. A fellow member of the bar spoke with an unknown assistant district attorney on defense counsel's behalf. This member of the bar arranged

---

[1]It is not clear from the record whether the defendant's arrest was warrantless and a warrant issued later that day or whether the arrest was pursuant to warrant. For purposes of this appeal, it makes no difference.

for the defendant's misdemeanor cases to be continued until July 26 for "felony court." This member of the bar testified that he did not speak with the assistant district attorney about the felony case. On June 21, the state appeared for the preliminary hearing in the felony case, but the defense did not. Defense counsel assumed that because the misdemeanors were reset in "felony court" on July 26, the felony case was likewise reset for that date, even though the member of the bar who spoke with the state about continuing the misdemeanors did not request a continuance for the felony case. Curiously, the felony warrant bears a notation that the case was reset two times, for June 21 and July 26. The grand jury returned the presentment in the felony case on or about June 22.

The defendant then moved to dismiss the presentment because he had been denied a preliminary hearing. After considering the evidence offered at a hearing on the motion, the trial court found, "The State did not act in bad faith in this case." Nevertheless, the court found that the defendant, "through no fault of his own, [was] denied his fundamental right of a preliminary hearing" and that the "spirit" of Tennessee Rule of Criminal Procedure 5(e) was such that the defendant should not be denied that right due to a misunderstanding. Accordingly, the trial court granted the motion to dismiss the presentment.

In this, the state's appeal of that ruling, the state argues that the trial court improperly dismissed the presentment absent a showing of prosecutorial bad faith.

## A.    Right to Preliminary Hearing

An individual charged with a crime in Tennessee has a right to a preliminary hearing, although that right derives from statute and rule, as opposed to constitutional guarantees. *Moore v. State*, 578 S.W.2d 78, 80 (Tenn. 1979); *see* Tenn Code Ann. §§ 40-10-101 to -113 (1997) ("Preliminary Examination"); Tenn. R. Crim. P. 5.1 ("Preliminary Examination"). The purpose of the preliminary hearing is to determine whether probable cause exists for the charge against the defendant. Tenn. R. Crim. P. 5.1.

The Rules of Criminal Procedure prescribe the timing of the preliminary examination in relation to grand jury action.

> Indictment Before Preliminary Examination – Any defendant arrested prior to indictment or presentment for any offense, whether misdemeanor or felony, except small offenses, shall be entitled to a preliminary hearing upon the defendant's request therefor, whether the grand jury of the county be in session or not. If the defendant is indicted during the period of time in which the preliminary hearing is being continued, or at any time before accused has been afforded a preliminary hearing on a warrant, whether at the defendant's own request or that of the prosecutor, the defendant may dismiss the indictment upon motion to the court. Provided, however, that [sic] no such Motion to Dismiss shall be granted after the expiration of thirty days from the date of the defendant's arrest.

Tenn R. Crim. P. 5(e). The 30-day limitation on dismissal found in the last phrase of Rule 5(e) is limited to the situation in which all parties have acted in good faith and in compliance with the statute. *Moore*, 578 S.W.2d at 82. In other words, a defendant seeking dismissal outside the 30-day period may obtain relief only if the state has acted in bad faith. *See id.*; *see also State v. Jeffrey Charles Middlebrook*, No. 1204 (Tenn. Crim. App., Knoxville, Jan. 31, 1989) (it was defendant's obligation to ensure that state's previous agreement not to seek indictment prior to preliminary hearing would continue for another two months), *perm. app. denied* (Tenn. 1989).

## B.     Applicability of Rule 5(e)

At the outset, we must address the language of Rule 5(e) in the use of the words "indictment" and "presentment." The first sentence of subdivision (e) defines the right to preliminary hearing prior to "indictment or presentment." Tenn. R. Crim. P. 5(e). The second sentence confers the right of a defendant who is "indicted" prior to a preliminary hearing to have the "indictment" dismissed. *Id.* We recognize that there are significant differences in the two forms of charging instruments. *See generally State v. Jeffrey Dwight Whaley*, — S.W.3d. —, No. E2000-00646-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 6, 2000), *perm. app. denied* (Tenn. 2001). The state argues on appeal that the distinction between indictments and presentments coupled with the absence of the word "presentment" in the second sentence of Rule 5(e) supports a conclusion that "a presentment cannot be dismissed for any reason when a criminal defendant is denied a preliminary hearing, even if the presentment is returned during the pendency of the preliminary hearing." In other words, a defendant against whom a presentment is returned prior to preliminary hearing has no remedy under Rule 5(e).

For purposes of this appeal, it is unnecessary that we resolve the question whether Rule 5(e) affords the defendant a remedy in cases in which a presentment is returned prior to the preliminary hearing. The trial court found that there was no bad faith in this case, and for the reasons discussed below, we are not convinced otherwise upon appellate review. Whether Rule 5(e) does not apply, as advanced by the state, or whether Rule 5(e) and its corresponding bad faith analysis do apply, as advanced by the defendant, this case is not one in which the defendant is entitled to relief. Therefore, we need not resolve whether Rule 5(e) applies to cases in which a presentment is returned before the preliminary hearing.

## C.     Existence of Bad Faith

We therefore turn to the question of the result assuming Rule 5(e) applies. Because more than 30 days had elapsed between the defendant's arrest and the return of the presentment, the question is whether bad faith attended the presentment's return. *See Moore*, 578 S.W.2d at 82.

In that regard, the evidence does not demonstrate that the presentment's return and the timing of the return were precipitated by bad faith on the part of the prosecution. The trial court correctly so found, and on appeal, the evidence does not compel us to disturb that finding. *See Whaley*, slip op. at 5. Notwithstanding that finding, however, the court reached an incorrect

conclusion of law that we must displace. The court believed that it had the authority to dismiss the presentment short of a bad-faith showing. As discussed above, it did not. *See Moore*, 578 S.W.2d at 82.

Accordingly, we reverse the trial court's dismissal of the presentment and reinstate the charging instrument.

_____
JAMES CURWOOD WITT, JR., JUDGE